UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ISRAEL A. LERMA,                          )
                                          )  No. CV-09-03028JPH
            Plaintiff,                    )
                                          )  ORDER GRANTING PLAINTIFF'S
v.                                        )  MOTION FOR SUMMARY JUDGMENT
                                          )  AND REMANDING FOR FURTHER
MICHAEL J. ASTRUE, Commissioner           )  ADMINISTRATIVE PROCEEDINGS
of Social Security,                       )
                                          )
            Defendant.                    )
                                          )
                                          )

         BEFORE THE COURT is plaintiff's motion for summary judgment

(Ct. Rec. 16) and defendant's motion to remand for further

proceedings (Ct. Rec. 21), noted for hearing without oral argument

on January 22, 2010.  Attorney D. James Tree represents plaintiff;

Special Assistant United States Attorney L. Jamala Edwards

represents the Commissioner of Social Security ("Commissioner").

The parties have consented to proceed before a magistrate judge.

(Ct. Rec. 8.)  On December 30, 2009, plaintiff filed a reply (Ct.

Rec. 23).  After reviewing the administrative record and the

briefs filed by the parties, the court **GRANTS** Plaintiff's Motion

for Summary Judgment (Ct. Rec. 16) and remands for further

administrative proceedings.  Defendant's motion to remand for

further administrative proceedings (Ct. Rec. 21) is **DENIED** as

moot.

///

1          **JURISDICTION**

2          Plaintiff protectively filed applications for disability

3   insurance benefits (DIB) and for supplemental security income

4   (SSI) benefits on October 24, 2005.  Both applications allege

5   onset as of November 15, 2004. (Tr. 58-60, 288-291.)  The

6   applications were denied initially and on reconsideration. (Tr.

7   32-33,35-38.)

8          At a hearing before Administrative Law Judge (ALJ) R. S.

9   Chester on August 19, 2008, plaintiff, represented by counsel and

10  vocation expert William Wright testified.  (Tr. 294-326.)  On

11  September 9, 2008, the ALJ issued an unfavorable decision.  (Tr.

12  16-24.)  The Appeals Council denied review on January 30, 2009.

13  (Tr. 4-6.)  Therefore, the ALJ's decision became the final

14  decision of the Commissioner, which is appealable to the district

15  court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action

16  for judicial review pursuant to 42 U.S.C. § 405(g) on March 2,

17  2009. (Ct. Rec. 1, 4.)

18          **STATEMENT OF FACTS**

19         The facts have been presented in the administrative hearing

20  transcripts, the ALJ's decision, the briefs of both Plaintiff and

21  the Commissioner, and are summarized here.

22         Plaintiff was 53 years old at the time of the hearing.  (Tr.

23  298.)  He lives with his 14-year-old son and fiancee.  (Tr. 300-

24  301.)  Plaintiff stopped going to school in the eighth grade after

25  failing seventh grade three times. (Tr. 302, 317.) He has worked

26  in warehouses, as a janitor, and as a sorter. (Tr. 303-310.)

27  Plaintiff can sit and stand for 10-15 minutes at a time. (Tr. 313-

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT **AND REMANDING**
FOR FURTHER PROCEEDINGS                    - 2 -

314.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT **AND REMANDING**
FOR FURTHER PROCEEDINGS                    - 3 -

of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden

then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB requirements through September 30, 2009. (Tr. 16.) The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 18.)  At steps two and three, the ALJ found that plaintiff suffers from degenerative disc disease of the cervical (neck) and lumbar (back) spines (DDD), and intellectual functional capacity test results in the low-average/borderline/mental retardation range, impairments that are

1  severe but which do not alone or in combination meet or medically

2  equal a Listed impairment. (Tr. 18, 20.)  The ALJ found plaintiff

3  less than completely credible. (Tr. 23.)  Prior to step four, the

4  ALJ found plaintiff's RFC enables him to perform "simpler" light

5  work with a sit/stand option. (Tr. 21.)  Relying on the VE, the

6  ALJ found that a person with this RFC could perform plaintiff's

7  past relevant work as a warehouse worker, agriculture produce

8  sorter, janitor, and recycling sorter. (Tr. 23-24.)  Because the

9  ALJ's step four finding that plaintiff could perform his past

10  relevant work was determinative, the ALJ was not required to

11  proceed to step five.  The ALJ found plaintiff is not disabled as

12  defined by the Social Security Act. (Tr. 24.)

13                               **ISSUES**

14      Plaintiff contends the Commissioner erred as a matter of law

15  by failing to find plaintiff's impairments met or equaled a Listed

16  impairment, rejecting a treating doctor's opinion, and finding Mr.

17  Lerma could perform his past relevant work. (Ct. Rec. 17 at 10.)

18  The Commissioner agrees the ALJ erred but seeks a remand for

19  further proceedings, while plaintiff argues the Court should order

20  a remand for payment of benefits. (Ct. Rec. 22 at 2.) The decision

21  whether to remand for further proceedings or for an award of

22  benefits is within the Court's discretion. *Reddick v. Chater*, 157

23  F.3d 715,728 (9th Cir. 1998).

24                             **DISCUSSION**

25      Defendant argues because there are unresolved issues and the

26  record does not clearly require a finding of disability, payment

27  of benefits would be premature.  In these situations,  according

28

to the Commissioner, further administrative proceedings are required. (Ct. Rec. 22 at 7-13, citing *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *McAllister v. Sullivan*, 88 F.2d 599, 603 (9th Cir. 1989)).

Plaintiff argues he meets or equals Listing 12.05C (20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)) based on a combination of physical and mental impairments. (Ct. Rec. 17 at 12-16.)  To meet or equal Listing 12.05C, plaintiff must show  he has a diagnosis of mental retardation, a valid IQ score of 60 through 70, and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

The Commissioner admits plaintiff meets the development prong of 12.05(C) based on Mr. Lerma's testimony he attended special education classes and was unable to complete the eighth grade. (Ct. Rec. 22 at 9.)  The Commissioner argues plaintiff's mental impairment does not meet or equal the Listing, however,  because plaintiff was not diagnosed with mental retardation and his only IQ scores in the record are provided by school psychologist Carrie Bishop, ESA, a source the Commissioner asserts was properly treated by the ALJ as an "other" rather an "acceptable" source. (Ct. Rec. 22 at 10.)

Plaintiff's reply cites 20 C.F.R. § 404.1513 (Ct. Rec. 23 at 6-7), which provides, in part:

> (a) Sources who can provide evidence to establish an impairment. We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s). . . .

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT **AND REMANDING**
FOR FURTHER PROCEEDINGS                - 8 -

> Acceptable medical sources are–
>
> (2) Licensed or certified psychologists, or other
> licensed or certified individuals with other titles
> who perform the same function as a school psychologist
> in a school setting, for purposes of establishing
> mental retardation, learning disabilities, and
> borderline intellectual functioning only;

20 C.F.R. § 404.1513.

The Court agrees with plaintiff. The Commissioner incorrectly characterizes Ms. Bishop as an "other" rather than an "acceptable" source. As an acceptable source, Ms. Bishop's diagnosis could have been used by the ALJ to establish a medical impairment. 20 C.F.R. § 404.1513(a)(2). After testing Ms. Bishop found "his [plaintiff's] cognitive skills are currently within the deficient/mental retardation range." (Tr. 277.) The ALJ notes she further opined the discrepancy between his significantly higher performance scale than verbal scale should be taken into consideration with training potential. (Tr. 20, referring to Tr. 277.) From Ms. Bishop's opinion it is unclear to the Court whether Mr. Lerma meets the requirements of the Listing.

With respect to establishing he suffers a significant *additional* impairment imposing an additional and significant work-related limitation of function, again for purposes of Listing 12.05(C), plaintiff alleges his degenerative disc disease (DDD) meets this part of the Listing requirement. With respect to DDD, the Court observes the ALJ negatively albeit briefly assessed plaintiff's credibility, observing the record reflects plaintiff has "repeatedly failed to follow through with treatment," including physical therapy (Tr. 22; 106-108). This indicates

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS          - 9 -

plaintiff's back impairment may not be as debilitating as alleged.

The Court cannot find treating doctor Peter Harveson, M.D.,'s opinion establishes plaintiff's DDD meets or equals the "other impairment" part of the Listings criteria.  The ALJ points out Dr. Harverson assessed an RFC for light to moderate work with a medium lifting/carrying capability in April of 2007 (more than three years after onset).  (Tr. 19, referring to Tr. 219; 256-257.)  The ALJ observes in November of 2007, just five months earlier, Dr. Harveson noted plaintiff had been lifting weights and looked quite fit (Tr. 19, referring to Tr. 242).

In April of 2008, Dr. Harveson opined plaintiff needed to lie down once or more daily for 30 minutes to reduce back and neck pain, and it was likely Mr. Lerma would miss four or more days of work a month on average due to his medical condition (Tr. 265-266).

The ALJ points out the unexplained changes in Dr. Harveson's assessments.  He also notes Dr. Harveson's assessed moderate limitation, in the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, conflicts with Ms. Bishop's observations during testing. (Tr. 21.)  A year after onset, in November of 2005, plaintiff exhibited "significant pain behavior," as noted by the ALJ. (Tr. 19, referring to Exhibit 1F at 32-34.)

The Court's review of the record indicates there are unresolved issues with respect to plaintiff's mental and  physical impairments, some involving credibility determinations not within the Court's purview.  And, the Court's review of the record does

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT **AND REMANDING**
FOR FURTHER PROCEEDINGS                    - 10 -

not clearly require a finding of disability.

On remand, the ALJ should: (1) determine whether plaintiff suffers a mental impairment meeting or equaling Listing 12.05(C), by properly assessing the medical source evidence and obtaining additional tests if necessary; (2) make a new detailed assessment of the weight given all medical opinions, giving clear and specific reasons for the weight assigned to the opinions; (3) if necessary, obtain a medical expert's opinion with respect to Listing 12.05(C) and other issues deemed requiring clarification; (4) if necessary, make a  new RFC assessment; and (5) make a new step four and, if necessary, step five analysis utilizing the services of a vocational expert.

The court expresses no opinion as to what the ultimate outcome will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate. See *Sample v. Schweiker*, 694 F. 2d 636, 642 (9th Cir. 1282) ("Questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court agrees with the parties that the ALJ's decision is not free of legal error and supported by substantial evidence, but finds there are unresolved issues and the record does not clearly require a finding of disability..
Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**  The matter is remanded to the Commissioner of Social

Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion to Remand **(Ct. Rec. 22)** is **DENIED as moot.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 31st day of December, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                          - 12 -